IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DEBBIE NESBITT,

    Plaintiff,

      v.               CIVIL NO.: WDQ-13-0125

UNIVERSITY OF MARYLAND
 MEDICAL SYSTEM, *et al.*,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Debbie Nesbitt sued the University of Maryland Medical

System ("UMMS"), Baltimore Washington Medical Center, Inc.

("BWMC"), and Frank V. Venuto (collectively, the "defendants")

for employment discrimination and other claims. Pending are the

defendants' motion to dismiss for failure to state a claim and

Nesbitt's unopposed motion for leave to file an amended

complaint. For the following reasons, Nesbitt's motion will be

granted, and the defendants' motion will be denied as moot.

I.    Background[1]

Nesbitt, who was born in 1952, was hired by BWMC--a

hospital owned and operated by UMMS--as a Human Resources

Recruiter on August 5, 1996. ECF No. 15-1 ¶¶ 9-11. On May 12,

2008, Venuto was hired as vice president of the Human Resources

division. *Id.* ¶ 14.

---

[1] The facts are from the proposed amended complaint.

Soon after Venuto started, he began refusing to respond to Nesbitt's emails and avoided discussing work matters with her by initiating telephone calls when she was in his office. *Id.* ¶ 15. At meetings Venuto often interrupted Nesbitt, responded to her condescendingly, and refused to acknowledge Nesbitt's volunteering to assist with a project. *Id.* ¶¶ 16-17. Venuto permitted younger male workers unlimited time to speak during meetings and gave them positive feedback. *Id.* ¶¶ 22-23. Venuto also accused Nesbitt of "looking at his butt"; P.L., another employee, told Venuto that he was incorrect. *Id.* ¶ 18. Nesbitt witnessed other females crying numerous times after being yelled at by Venuto. *Id.* ¶¶ 24, 31.

Venuto's treatment of Nesbitt caused her anxiety and physical symptoms, requiring her to take medical leave from June 2009 until August 2009. *Id.* ¶ 26. When Nesbitt returned to work, Venuto continued to yell at her and interrupt her at meetings on a weekly basis. *Id.*

On October 12, 2009, Nesbitt filed an internal complaint against Venuto, alleging hostile work environment and discrimination. *Id.* ¶ 29. UMMS and BWMC did not take any action, but the president and general counsel of UMMS asked P.L. to "use her friendship" with Nesbitt to discourage her from taking legal action or complaining to the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶¶ 29, 34.

In January 2010, Venuto yelled at and threatened Nesbitt and three other female employees "over a work-related issue." *Id.* ¶ 31. Nesbitt again began to suffer from anxiety and physical symptoms. *Id.* ¶ 32. On January 22, 2010, Nesbitt complained to UMMS's president and general counsel about Venuto's behavior. *Id.* ¶ 33. On January 27, 2010, Nesbitt was terminated by BWMC's president because of her complaints about Venuto. *Id.* ¶ 34. This termination violated BWMC's progressive discipline policy because Nesbitt had not received any prior warnings or other disciplinary steps, and was the first time in 40 years that BWMC had not applied the policy in a case other than egregious employee misconduct. *Id.* ¶¶ 36-37. Nesbitt refused a severance agreement offered in exchange for agreeing not to sue. *Id.* ¶ 34. On June 2, 2010, Nesbitt filed a charge with the EEOC against BWMC and UMMS, and on June 29, 2012, received her right to sue letter. *Id.* ¶¶ 7-8; *see* ECF No. 2-1.

On September 21, 2012, Nesbitt filed suit in the Circuit Court for Anne Arundel County, Maryland alleging (1) hostile work environment (against UMMS and BWMC), (2) disparate discipline (UMMS and BWMC), (3) retaliation (UMMS and BWMC), (4) breach of contract (BWMC), (5) intentional infliction of emotional distress (Venuto), (6) respondeat superior infliction of emotional distress (UMMS and BWMC), and (7) abusive discharge

(UMMS and BWMC). ECF No. 2. On January 11, 2013, the defendants removed to this Court. ECF No. 1.

On January 18, 2013, the defendants answered Counts III and IV and moved to dismiss the remaining claims. ECF Nos. 10, 11. On February 4, 2013, Nesbitt opposed the motion, ECF No. 13, and on February 21, 2013, the defendants replied, ECF No. 14.

On March 7, 2013, Nesbitt moved for leave to file an amended complaint. ECF No. 15. Although the defendants did not consent to the motion, they have not filed an opposition. *See* ECF No. 15 at 2.

## II. Analysis

Nesbitt seeks leave to file an amended complaint. ECF No. 15. Although the defendants have not consented, they have not opposed the motion. ECF No. 15 at 2.

Because more than 21 days have passed since the defendants filed their answer, Nesbitt may amend her complaint only if the opposing party consents or with the Court's permission. Fed. R. Civ. P. 15(a)(2); *Rice v. PNC Bank, N.A.*, No. PJM-10-0007, 2010 WL 1711496, at *2 (D. Md. Apr. 26, 2010). Fed. R. Civ. P. 15(a)(2) instructs that leave should be freely given when justice requires. Leave should be denied only when amendment would prejudice the opposing party, amount to futility, or reward the movant's bad faith. *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

There is no indication that Nesbitt's motion for leave to amend is in bad faith or would prejudice the defendants. Discovery has not begun, and no trial date has been set. *Cf. Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987).

Additionally, there is no indication that amendment would be futile. Nesbitt's proposed amended complaint adds new factual allegations to support several of her claims, including her age, the frequency of Venuto's harassment, his treatment of younger male employees, and proposed legislation to prevent workplace bullying. *See, e.g.*, ECF No. 15-2 ¶¶ 9, 22-23, 26, 119-23. Additionally, the proposed amended complaint also clarifies the statutes under which Nesbitt seeks relief by including violations of Title VII of the Civil Rights Act of 1964[2] and the Age Discrimination in Employment Act[3] for the hostile work environment, disparate discipline, and retaliation claims. *See id.* ¶¶ 41-94. The defendants have not opposed the motion, and Nesbitt's proposed amendment is not obviously futile. The Court sees no reason why leave to amend should not be granted.

Accordingly, Nesbitt's motion for leave to amend the complaint will be granted. The motion to dismiss will be denied as moot.

---

[2] 42 U.S.C. §§ 2000e *et seq.*

[3] 29 U.S.C. §§ 621 *et seq.*

III. Conclusion

For the reasons stated above, Nesbitt's unopposed motion for leave to amend will be granted. The motion to dismiss will be denied as moot.

_____5/13/12_____
Date

_William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge